IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-7-BO

| | | |
|---|---|---|
| BARBARA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for summary judgment [DE 12] and defendant's motion for judgment on the pleadings [DE 14]. A hearing was held in Elizabeth City, North Carolina on December 15, 2015. For the reasons detailed below, this matter is REMANDED for further consideration by the Commissioner.

BACKGROUND

Plaintiff applied for Title II disability insurance benefits and a period of disability on January 18, 2012. [Tr. 75]. Plaintiff alleges an onset date of December 27, 2011. [Tr. 77]. Her claim was denied initially and upon reconsideration. [Tr. 75]. A hearing was held before an Administrative Law Judge (ALJ) on August 22, 2013 in Fayetteville, North Carolina. *Id.* The ALJ issued an unfavorable decision for plaintiff. [Tr. 72]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on November 17, 2014. [Tr. 1]. Plaintiff then sought review in this Court.

On her alleged onset of disability date, plaintiff was 57 years old; she is now 61 years old. [Tr. 80]. She has a limited education and prior work experience as a home health aide. [Tr.

80]. Plaintiff has a history of chronic obstructive pulmonary disease (COPD) and tobacco abuse. [Tr. 77].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff did not engage in substantial gainful employment between her alleged onset date of December 27, 2011, and her date last insured of December 31,

2011. [Tr. 77]. Next, the ALJ determined that plaintiff's history of COPD and tobacco abuse were severe impairments. *Id.* However, neither of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 78]. At step four, the ALJ found that, as of the date last insured, plaintiff was capable of performing medium work with limitations. *Id.* Plaintiff was to avoid moderate exposure to pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 80–81]. A vocational expert testified that these jobs would include employment as a dining room attendant, machine packager, and store laborer. [Tr. 81]. Accordingly, the ALJ found that plaintiff was not disabled between her alleged onset date of December 27, 2011, and her date last insured of December 31, 2011. *Id.* Plaintiff now seeks review of the ALJ's determination that she is not disabled.

Plaintiff alleges that the ALJ erred by improperly evaluating her impairments under Listing 3.02A and improperly determining plaintiff's RFC by not performing a function-by-function evaluation.

Listing 3.02 addresses COPD in adults. Part A lists the forced expiratory volume ("FEV") associated with varying heights needed to meet the listing. Plaintiff's height is 175cm, which requires an FEV of 1.45 or lower to meet the listing. Listing 3.02A. Plaintiff's FEV a couple of months before her alleged onset date was 1.55. [Tr. 431]. On her alleged onset date, December 27, 2011, plaintiff was admitted to the hospital with COPD "exacerbation" and bronchitis—indicating that her COPD had worsened since the earlier FEV of 1.55. [Tr. 489]. Then, some months after her date last insured, her FEV was 1.35—well within the range of Listing 3.02. [Tr. 597]. Given the chronic nature of COPD, this could be "reflective of a possible

3

earlier and progressive degeneration." *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969). Despite all this, the ALJ did not employ a medical advisor to determine whether the disability onset could be inferred prior to the date last insured. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d. 337, 344–45 (4th Cir. 2012); SSR 83-20. This was in error.

Plaintiff also alleged that the ALJ improperly determined her RFC, including not performing a "function-by-function" evaluation. *See Mascio v. Colvin*, 780 F.3d 632, 635–36 (4th Cir. 2015). In evaluating RFC, the ALJ is to "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," including physical and mental abilities. SSR 96-8p. Here, plaintiff argues that the ALJ "formed no logical bridge between the medical evidence and testimony and the ultimate functions he found Ms. Kelly capable of performing." [DE 13]. As a foundational matter, the ALJ undermined the seriousness of plaintiff's breathing condition, referring to an FEV of 1.33 as "moderate" despite the showing above that this would actually constitute listing-level severity for someone of plaintiff's height. Beyond that, the ALJ did not mention the requirements of medium work and did not support his conclusion that plaintiff was able to fulfill those requirements with evidence from the record.

Moreover, to the extent the ALJ relied on functions of which plaintiff *is* capable, the analysis is incomplete. The ALJ included that plaintiff was able to do activities such as "light housework." However, he did not take into account plaintiff's testimony that doing any such housework requires frequent breaks to sit down and catch her breath by sitting a certain way in a reclining chair. [Tr. 103–06]. That plaintiff can eventually manage to get laundry done and her bed made is less significant to the case than the fact that she requires multiple breaks to complete any such task. That is the crux of plaintiff's complaint and what was not addressed by the ALJ.

4

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). On remand, the ALJ is to employ a medical advisor to determine whether plaintiff's disability onset could be inferred prior to her date last insured. If plaintiff does not succeed on this ground, the ALJ is then to perform a function-by-function evaluation.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment [DE 12] is GRANTED, defendant's motion for judgment on the pleadings [DE 14] is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 23 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE